IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:23-cv-02862

GABRIELLA V. GROOMES,

    Plaintiff,

v.

CONTINENTAL CREDIT, LLC,

    Defendant.

## COMPLAINT

Now comes GABRIELLA V. GROOMES ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CONTINENTAL CREDIT, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.*, the North Carolina Credit Repair Services Act ("NCCRSA") under N.C. Gen. Stat. § 66-200 *et seq.*, as well as the North Carolina Consumer Protection Statute pursuant to N.C. Gen. Stat. § 75-1.1(a) *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the District of Colorado.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in North Carolina and who resided in North Carolina at all times relevant to her dealings with Defendant.

5. Defendant is a credit repair organization whose services are offered to consumers for the explicit and implicit purpose of improving such consumers' credit. Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 1499 West 121st Avenue, Suite 310, Denver, Colorado 80234.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In approximately February of 2020, Plaintiff was looking for assistance in increasing her credit score to try and qualify for a home loan.

8. Plaintiff was then referred to Defendant by a person assisting with obtaining her desired financing, and Plaintiff subsequently spoke with Defendant regarding its services.

9. Defendant represented that its services would improve Plaintiff's credit, as Defendant would assess the information that was negatively impacting Plaintiff's credit, and subsequently submit disputes to the credit reporting agencies seeking to have that information removed.

10. Defendant affirmatively represented that the information would be disputed and would be removed from Plaintiff's credit, regardless of whether the disputed information was accurate or otherwise could properly be removed from Plaintiff's credit.

11. Finding desirable the nature of Defendant's representations, Plaintiff entered into a contract with Defendant for its provision of credit repair services.

12. Upon information and belief, immediately after Plaintiff signed up for Defendant's services, Defendant began providing services to Plaintiff.

13. Plaintiff proceeded to make monthly payments of approximately $60 per month, and maintained these payments for approximately 8 months.

14. Throughout the time Plaintiff made payment to Defendant for its services, Plaintiff noticed little to no improvement to her credit through Defendant's services.

15. Instead, any improvement that came to Plaintiff's credit was the result of disputes Plaintiff submitted on her own without Defendant's assistance.

16. Upon information and belief, the reason Defendant has failed to deliver improvement to Plaintiff's credit despite purporting to have sent months of disputes is because Defendant has been challenging information on Plaintiff's credit reports without any reasonable basis that such challenged information is inaccurate or could otherwise properly be removed from Plaintiff's credit reports.

17. Upon further information and belief, Defendant's business model is premised upon submitting voluminous disputes challenging information on consumers' credit absent a valid basis for doing so, hoping that the debts won't be validated or that the mechanisms of the FCRA and credit reporting industry will result in the debts being removed (only to then reappear when a creditor updates the reporting).

18. Defendant misrepresented the potential efficacy of its services and extent to which Plaintiff could reasonably expect to experience the represented results.

19. Given Defendant's failures and Plaintiff's success disputing on her own, Plaintiff cancelled her agreement with Defendant in approximately December of 2020.

20. Defendant failed to refund Plaintiff for payments made in connection with services it ultimately failed to completely perform.

21. Defendant continued soliciting Plaintiff and convinced Plaintiff to again sign up for Defendant's services in approximately November of 2022, although Plaintiff again cancelled after a couple of months given Defendant's failure to deliver any meaningful improvement to Plaintiff's credit.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient and misrepresented services, further out of pocket expenses, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

25. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or

providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA § 1679b(a)**

26. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

27. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of its credit repair services and the information that could reasonably be removed from her credit reports. Around the time Plaintiff signed up for Defendant's services, Defendant represented that it would be able to get information removed from Plaintiff's credit, regardless of whether that information was inaccurate or whether there was an otherwise valid basis for the debt to be disputed. Defendant's representations as to the efficacy of its disputes, and general business model premised upon submitting voluminous disputes for the sake of disputing rather than challenging inaccurate information, all demonstrate the deceptive, misleading, and fraudulent nature of Defendant's services and the representations it made regarding its services.

    b. **Violations of CROA § 1679b(b)**

28. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the

5

performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

29. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Upon information and belief, Defendant charged for services before performing those services, and similarly withheld Plaintiff's payments following her cancellation of the agreement with Defendant despite Defendant not performing the services that would justify the retention of such fees.

    c. **Violation of CROA § 1679d**

30. The CROA, pursuant to 15 U.S.C. § 1679d(a), prohibits CROs from receiving payment for services prior to both (1) a consumer signing a contract that complies with the CROA and (2) the expiration of the three-day business period beginning the date the contract is signed.

31. Defendant violated § 1679d(a)(2) through its provision of services to Plaintiff immediately after and within three days following Plaintiff's signature of the agreement with Defendant. Upon information and belief, Defendant provided services immediately after Plaintiff signed up and did so in plain violation of the CROA's prohibitions against providing services during this "cooling off" period.

WHEREFORE, Plaintiff, GABRIELLA V. GROOMES, respectfully requests that the Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

    c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

    d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

    e.  Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE NORTH CAROLINA CREDIT REPAIR SERVICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "Consumer" as defined by N.C. Gen. Stat. § 66-221(3).

34. Defendant is a "Credit repair business" as defined by N.C. Gen. Stat. § 66-221(1).

    **a.  Violations of NCCRSA § 66-223**

35. The NCCRSA, pursuant to N.C. Gen. Stat. § 66-223(1), prohibits a credit repair business from charging or receiving "any money or other valuable consideration prior to the full and complete performance of the services that the credit repair business has agreed to perform for or on behalf of the consumer."

36. Defendant violated the above provision of the NCCRSA in much the same way it violated § 1679b(b) of the CROA.

37. The NCCRSA, pursuant to N.C. Gen. Stat. § 66-223(3), provides that no credit repair business shall "[r]epresent that it can directly or indirectly arrange for the removal of derogatory credit information from the consumer's credit report or otherwise improve the consumer's credit report or credit standing, provided, this shall not prevent truthful, unexaggerated statements about the consumer's rights under existing law regarding his credit history or regarding access to his credit file."

38. Defendant violated the above provision of the NCCRSA in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

7

39. The NCCRSA, pursuant to N.C. Gen. Stat. § 66-223(5), provides that no credit repair business shall "[m]ake or use any untrue or misleading representations in the offer or sale of the services of a credit repair business or engaged, directly or indirectly, in any act, practice, or course of business which operates or would operate as a fraud or deception upon any person in connection with the offer or sale of the services of a credit repair business."

40. Defendant violated the above provision of the NCCRSA in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

41. The NCCRSA further provides that a violation of its provisions constitutes an unfair trade practice pursuant to N.C. Gen. Stat. § 75-1.1. N.C. Gen. Stat. § 66-225(f).

WHEREFORE, Plaintiff, GABRIELLA V. GROOMES, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to N.C. Gen. Stat. §§ 66-225(a) & 75-16;

c. Awarding Plaintiff punitive damages pursuant to N.C. Gen. Stat. §§ 66-225(a) & 75-16;

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to N.C. Gen. Stat. §§ 66-225(a) & 75-16.1; and,

e. Awarding any other relief the Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE NORTH CAROLINA CONSUMER PROTECTION STATUTE**

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. N.C. Gen. Stat. § 75-1.1(a) states:

> "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a).

8

44. Defendant violated N.C. Gen. Stat. § 75-1.1(a) through the unfair and deceptive nature of the conduct and services provided and directed towards Plaintiff, as discussed above.

45. Furthermore, violations of the NCCRSA constitute violations of the above prohibitions.

WHEREFORE, Plaintiff, GABRIELLA V. GROOMES, respectfully request that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under N.C. Gen. Stat. § 75-16;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under N.C. Gen. Stat. § 75-16.1;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 31, 2023                                                                 Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com